48 CCPA

**UNITED–CARR FASTENER CORPORATION, Appellant,**

v.

**NYLOK–DETROIT CORPORATION,** Appellee.

**Patent Appeal No. 6664.**

United States Court of Customs and Patent Appeals.

June 2, 1961.

Before WORLEY, Chief Judge, RICH, MARTIN, and SMITH, Judges, and Judge WILLIAM H. KIRKPATRICK.[1]

MARTIN, Judge.

This is an appeal from the decision of the Patent Office Trademark Trial and Appeal Board 123 USPQ 48, dismissing appellant's opposition to appellee's application to register the mark reproduced below as a trademark for self-locking threaded fasteners.

It appears from the record that applicant's threaded fasteners are each pro-

1. United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate in place of Judge O'CONNELL, pursuant to provisions of Section 294(d), Title 28, United States Code.

vided with a locking medium in the form of a nylon pellet inserted in the threaded section at a point corresponding to the black dot in the trademark, so that the mark approximates the appearance of the threaded portion of the fastener, against the background of concentric circles.

The record shows numerous registrations by the opposer of the word "Dot,"

the notation "The Dot Line," and a black dot as illustrated below, all as trademarks for a line of goods including fasteners for various purposes,[2] as well as similar use, since a date prior to that alleged by applicant for first use of its mark, of a mark comprising a dot within a concentric circle, also as illustrated below:

The only *inter partes* question presented for determination here is whether applicant's trademark so resembles any of opposer's marks as to be likely, when applied to the respective goods, to result in confusion, deception or mistake within the meaning of section 2(d) of the Lanham Act, 15 U.S.C.A. § 1052(d).

■ We do not believe that applicant's trademark so resembles any of opposer's marks that confusion, mistake, or deception among purchasers is likely to occur when applicant applies the mark to its goods. Mere observation of the trademarks portrayed in this opinion makes this conclusion obvious. No other marks of opposer brought to our attention change this determination.

In view of this conclusion it is unnecessary to resolve the questions of similarity of the goods and channels of trade.

■ Both parties have indicated a desire that this court pass upon the registrability of applicant's mark *ex parte*. The board in its opinion stated:

"There is, however, a fundamental question presented by the application, and that is whether or not a drawing or picture of a product, in association with two [three] concentric circles, can be a trademark for the product. See: In re McIlhenny Company, 120 USPQ 284 (TT&A Bd., 1959); and In re L. M. Leathers' Sons, 121 USPQ 593 (TT&A Bd., 1959).

"Decision:

"The opposition is dismissed. In the event applicant finally prevails herein, the Examiner of Trademarks should, when the application returns to his jurisdiction, re-examine it in light of this opinion and the cases herein cited."

2. Reg. No. 121,544, issued May 7, 1918 to a predecessor and twice renewed; Reg. No. 127,721, issued Dec. 2, 1919 to a predecessor and twice renewed; Reg. No. 276,809, issued Oct. 28, 1930 and renewed; Reg. No. 276,810 issued Oct. 28, 1930 and renewed; Reg No. 434,811, issued Dec. 9, 1947; Reg. No. 434,812, issued Dec. 9, 1947; Reg. No. 441,997, issued Feb. 8, 1949; Reg. No. 507,337, issued Mar. 8, 1949; Reg. No. 507,338, issued Mar. 8, 1949; Reg No. 508,343, issued Apr. 12, 1949; Reg. No. 508,686, issued Apr. 19, 1949; Reg. No. 515,518, issued Sept. 27, 1949; Reg. No. 516,339, issued Oct. 18, 1949; Reg. No. 516,340, issued Oct. 18, 1949; and Reg. No. 526,483, issued June 20, 1950.

We believe, however, that in this instance it is preferable to have the tribunals of the Patent Office consider this matter before we do and, therefore, we shall adhere to the policy of determining only issues raised in the notice of opposition and passed upon by the board.

For the above mentioned reasons, we affirm the decision of the Trademark Trial and Appeal Board.

Affirmed.